Donna B. DULONG, Appellant

v.

CITIBANK (SOUTH DAKOTA), N.A., Appellee.

No. 05–07–00853–CV.

Court of Appeals of Texas, Dallas.

Aug. 27, 2008.

---

Sharon K. Campbell, Dallas, TX, for Appellant.

Allen L. Adkins and Lindsay Nickle, Lubbock, J., for Citibank (South Dakota), N.A.

Before Justices FITZGERALD, RICHTER and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

This case involves a traditional summary judgment in a credit card debt collection matter. Citibank (South Dakota), N.A. ("Citibank") sued Donna Dulong to recover the balance owed on a credit card (the "Credit Card"). Citibank asserted several grounds for recovery, including breach of contract and account stated. Citibank moved for summary judgment on its account stated claim and the trial court granted the motion. On appeal, Dulong contends there was insufficient evidence to support summary judgment. We disagree, and affirm the trial court's judgment.

## Background

It is undisputed that Universal Bank, N.A. ("Universal") issued the Credit Card to Dulong. Several years later Universal merged with Citibank and Citibank filed suit against Dulong to collect the unpaid balance on the Credit Card. Citibank then moved for a traditional summary judgment on its claim for account stated.

In support of its motion, Citibank submitted the Affidavit of Ramona Chavez ("Affidavit"), a Litigation Analyst with Citicorp Credit Services, Inc. USA, a service provider for Citibank. Two hundred and fifty-eight pages of Dulong's Universal Credit Card statements were attached to the Affidavit.

Dulong responded, arguing Citibank's summary judgment evidence did not establish it was entitled to judgment as a matter of law. Dulong maintained Citibank did not offer evidence that it acquired her account from Universal, and as a result, did not prove she had an agreement with Citibank.[1] As part of Dulong's sole issue

on appeal, she also argues the trial court erred by not sustaining her hearsay objections to Citibank's summary judgment evidence.

## Standard of Review

The function of summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877, 885 (Tex.App.-Dallas 2000, pet. denied). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Powell v. Vavro, McDonald, and Assoc., L.L.C.*, 136 S.W.3d 762, 764 (Tex.App.-Dallas 2004, no pet.) (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002)). When the plaintiff moves for summary judgment on its own cause of action, the plaintiff must prove it is entitled to summary judgment by establishing each element of its claim as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 864 (Tex.App.-Dallas 2005, no pet.) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986)).

## Discussion

### *Objections to the Summary Judgment Evidence*

■  Citibank's summary judgment evidence consisted of the Affidavit and the

---

1. At one point in its argument, Dulong characterizes the issue as one of "standing." However, we construe the pleadings and brief as arguing Citibank did not establish the elements of the cause of action for account stated.

credit card statements attached to the Affidavit. Dulong argues the trial court erred by overruling her hearsay objection to the Affidavit because it does not satisfy the business record exception to the hearsay rule. TEX.R. EVID. 802, 803(6). She specifically complains that the affidavit does not explain the basis for the affiant's personal knowledge about the maintenance of the records, the records "are clearly not Citibank statements or records," and there is no evidence of a written agreement between Dulong and Citibank.

■ An objection that the affiant does not have personal knowledge is an objection to the form of the affidavit and must be preserved in the trial court. *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex.App.-Dallas 2004, no pet.). In addition, an objection that an affidavit fails to comply with the business records exception to the hearsay rule also must be preserved. *Seidner v. Citibank (South Dakota), N.A.*, 201 S.W.3d 332, 334–35 (Tex.App.-Houston[14th Dist.] 2006, pet. denied). Thus, to preserve error on objections to summary judgment evidence, the complainant must secure a ruling on her objection. *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206–07 (Tex.App.-Dallas 2005, no pet.) ("an order of a trial court sustaining an objection to summary judgment evidence to be effective must be reduced to writing signed by the trial court and entered of record.") (quoting *Util. Pipeline Co. v. Am. Petrofina Mkg.*, 760 S.W.2d 719, 723

(Tex.App.-Dallas 1988, no writ)). Dulong does not cite nor have we found an express ruling from the trial court on these objections. Consequently, Dulong failed to preserve her objections to the summary judgment evidence for appellate review. TEX. R.APP. P. 33.1; *Stewart*, 156 S.W.3d at 207.

### Legal Sufficiency of Summary Judgment Evidence

■ A party is entitled to relief under the common law cause of action for account stated where (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness.[2] *Neil v. Agris*, 693 S.W.2d 604, 605 (Tex.App.-Houston [14th Dist.] 1985, no writ); *Continental Cas. Co. v. Dr. Pepper Bottling Co. of Texas, Inc.*, 416 F.Supp.2d 497, 504 (N.D.Tex.2006) (citing *Arnold D. Kamen & Co. v. Young*, 466 S.W.2d 381, 388 (Tex. Civ.App.-Dallas 1971, writ ref'd n.r.e.))[3].

■ Dulong contends the summary judgment evidence did not establish that Citibank had an agreement with Dulong, that Citibank owned the debt, or that she acknowledged the total amount due.[4] In support of her argument that Citibank failed to prove an agreement, Dulong points to the fact that Citibank failed to attach a cardholder agreement to the Affi-

---

2. Although Citibank argued below that South Dakota law applies, it moved for summary judgment under the Texas common law cause of action for account stated. Citibank does not argue on appeal that South Dakota law applies, and we apply Texas law.

3. The common law claim for account stated differs from a suit on account which requires personal property or services be provided by the creditor to the debtor. TEX.R. CIV. P. 185. A suit on account is not a proper tool for credit card collection. *Tully v. Citibank*

*(South Dakota), N.A.*, 173 S.W.3d 212, 216 (Tex.App.-Texarkana 2005, no pet.) (credit card not a sworn account because no title to personal property passes from the bank to the cardholder).

4. Although Dulong asserts that an account stated is not capable of assignment or sale, she does not challenge the viability of an account stated cause of action. The argument concerning assignment has not been briefed, and is therefore waived. *See* TEX. R.APP. P. 38.

davit. Because an agreement on which an account stated claim is based can be express or implied, Citibank did not have to produce a written contract as long as it could produce other evidence of the agreement between the parties to meet its burden of proof. *See Neil,* 693 S.W.2d at 605. An express contract arises when its terms are stated by the parties whereas an implied contract can arise from the acts and conduct of the parties. *Harrison v. Williams Dental Group, P.C.,* 140 S.W.3d 912, 916 (Tex.App.-Dallas 2004, no pet.).

■■ Therefore, we examine the summary judgment evidence to determine whether Citibank adduced evidence to establish the existence of an implied agreement between the parties. Citibank submitted billing statements from January 1999 to November 2006. The statements are issued to Dulong at the same billing address. There is no evidence to suggest the statements were not received. The statements reflect that when credit was available, new charges were made on the account almost every month. Payments were also made. The Affidavit states that the initial interest rate on the account is set forth on the first billing statement, and the subsequent financial terms in effect each time the card was issued are set out on each monthly statement. The credit card statements support this fact. The credit card statements also show that late fees and "over the limit" fees were periodically assessed. There is no evidence Dulong ever objected to or disputed these fees. Based on the series of transactions reflected on the account statements, it is reasonable to infer that Dulong agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness.

We also disagree with Dulong's assertion that there is no evidence Citibank owned the debt. To the contrary, the evidence shows that Universal merged with Citibank in 2002. Under the heading "Important Message," the January–February 2002 statement sent to Dulong states, "Universal Bank, N.A. has merged with Citibank ... [s]ee page 2 'Merger' for details." On page 2, the statement contains the following language:

> Now the words "we, us and our" as used in your Cardmember Agreement refer to Citibank ... Be assured that this merger will not change the servicing of your account. Please continue to utilize the payment address and customer service telephone number listed on your statement.

Dulong did not offer any evidence that raised a fact issue about the merger or Citibank's ownership of the debt. And the evidence shows that Dulong continued to make charges and payments on the Credit Card after she was given notice of the merger. Therefore, we cannot conclude there was no evidence to support Citibank's ownership of the debt.

On this record, we conclude Citibank established as a matter of law that Citibank and Dulong had an implied agreement fixing an amount due and that Dulong impliedly promised to pay Citibank the amount due. Dulong's issue is resolved against her. The judgment of the trial court is affirmed.