

# IN THE
# TENTH COURT OF APPEALS

No. 10-07-00343-CV

**DEBORAH L. MCGREW,**

**Appellant**

 **v.**

**CITIBANK (SOUTH DAKOTA) N.A.,**

**Appellee**

From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. C200700213

## MEMORANDUM OPINION

Deborah L. McGrew appeals the trial court's summary judgment in favor of Citibank (South Dakota) N.A. (Citibank). We will affirm.

### Background

Citibank sued McGrew to recover unpaid credit card debt. In its petition, Citibank alleged the following: Citibank and McGrew entered into agreements for two separate credit accounts; at all relevant times, McGrew was the primary cardholder under the accounts; the accounts were governed by the Citibank Card Agreement, as it

was amended from time to time; pursuant to the express terms of the agreement, McGrew was responsible for all charges placed on the accounts by persons permitted or who had access to the credit cards or account numbers; McGrew used the accounts to make purchases of goods and/or services and/or to receive cash advances; in accordance with the agreement, Citibank properly billed McGrew for payment of the charges on the account, but McGrew defaulted in making the payments required by the agreement; and after all just and lawful offsets, credits and payments were allowed, the total outstanding balances on each account were $18,802.49 and $7,857.89 respectively.

Citibank asserted four alternative causes of action: (1) "breach of contract/written or implied-in-fact," (2) "breach of oral contract," (3) "account stated" and (4) "restitution, common law debt, assumpsit, money had [sic] and to remedy defendant's unjust enrichment." McGrew generally denied the allegations. Citibank subsequently filed what we have determined to be a traditional motion for summary judgment on its account stated cause of action. Citibank supported the motion with (1) two business records affidavits from Ramona Chavez, a Litigation Analyst with Citicorp Credit Services, Inc. USA, a service provider for Citibank, with final billing statements for each of McGrew's credit card accounts attached, and (2) an Affidavit in Support of Attorney Fees. Following McGrew's response to Citibank's motion, Citibank filed a reply to McGrew's response and a supplement to its summary judgment motion with additional supporting evidence. The additional evidence included two business records affidavits from Jay Guenther, another Litigation Analyst with Citicorp Credit Services, Inc. USA. Attached to the affidavits were copies of the

monthly account statements that had been sent to McGrew over the relevant time period. The trial court granted Citibank's summary judgment motion.

## Objections to Affidavits of Ramona Chavez

In her first issue, McGrew argues that the Chavez affidavits do not satisfy the business records exception to the hearsay rule because she does not state that she has personal knowledge of the facts in the affidavits. However, in the summary judgment context, a nonmovant must obtain a ruling on an objection to the form of a motion or supporting evidence to preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(2); *Allen v. Albin*, 97 S.W.3d 655, 662-63 (Tex. App.—Waco 2002, no pet.). An objection that an affidavit fails to comply with the business records exception to the hearsay rule, as well as an objection that the affiant does not have personal knowledge, are objections to the form of the affidavit and must be preserved in the trial court. *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.); *Seidner v. Citibank (South Dakota), N.A.*, 201 S.W.3d 332, 334-35 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). Because McGrew does not cite, nor have we found, a ruling from the trial court on her objections, McGrew failed to preserve for review her objections to the summary judgment evidence. *See* TEX. R. APP. P. 33.1(a)(2). We overrule her first issue.

## Sufficiency of Evidence as to Amount Due

A party is entitled to relief under the common law cause of action for account stated when (1) transactions between the parties give rise to indebtedness of one to the

other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong*, 261 S.W.3d at 893; *Neil v. Agris*, 693 S.W.2d 604, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Arnold D. Kamen & Co. v. Young*, 466 S.W.2d 381, 388 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.).

In her second issue, McGrew contends that the Guenther affidavits provide no evidence to support summary judgment against her because the affiant does not state that (1) "the balances shown on the statements are true and correct," (2) "whether any payments or offsets after the dates of the last statements have been allowed," and (3) "what the balances of the accounts are at the time of the filing of suit or even as of the dates of the affidavits or at any time relevant to this case." McGrew contends that by failing to state the actual true and correct balances owed on the accounts, there is no evidence to support the summary judgment as to the amounts, if any, owed by McGrew to Citibank. We disagree.

Contrary to McGrew's argument, Guenther states in each of his affidavits:

- "I have personal knowledge of the facts stated, and they are all true and correct."

- "The records attached as Exhibits [D-1 and E-1 respectively] are true and correct reproductions of the originals."

- "Attached hereto and incorporated into this Affidavit as Exhibit [D-1 and E-1 respectively] are true and correct copies of duplicate monthly statements sent to Defendant for the Account over the relevant time period. These statements identify and describe every transaction made on the account during that period."

- "After failing or refusing to pay the amount shown as due and owing on the statements for three (3) months[,] the account was closed to further transactions. The entire amount of the unpaid debt is due an [sic] owing."

- "At the time the last account statement was sent to the Defendant, the amount due . . . was [$18,802.49 and $7,857.89 respectively]. In addition, the Card Agreement provides that Defendant shall pay interest on the Account, along with attorney fees and court costs. However, Citibank is not including any interest or fees which have accrued on this account since the date of the last statement attached hereto. Further, all just and lawful offsets, payments and credits made prior to said last account statement have been allowed as set out on the monthly statements of account attached hereto."

- "Demand for payment was made on the Defendant more than thirty (30) days prior to the making of this Affidavit, for the amount due on the Account set out above, and that amount has not been paid by Defendant."

Furthermore, each of the Chavez affidavits state:

- "The record attached hereto as Exhibit ["A-1" and "B-1" respectively] is a true and correct duplicate of the original."

- "Because the subject debt owed by Defendant to Plaintiff is past due, Plaintiff has demanded in writing immediate payment of the entire balance owed by Defendant, and Defendant has in all things failed or refused to pay that amount. There are no just debts, set-offs, credits, or allowances due or to become due from the Plaintiff to the Defendant, other than those that would have been set out on the monthly statements provided to Defendant."

- "Exhibit ["A-1" and "B-1" respectively] attached hereto is the final billing statement provided to Defendant setting out the total amount owed on the account at that time. After receiving the final billing statement and prior to filing this lawsuit, Defendant did not state any specific reason for disputing the total amount owed set out on that final billing statement."

- "According to the Defendant's Account Information contained in Plaintiff's account records, the total balance owed by Defendant to Plaintiff is [$18,802.49 and $7,857.89 respectively]."

Based on these affidavits, Citibank established as a matter of law the amounts owed by McGrew to Citibank. *See Dulong*, 261 S.W.3d at 894 ("Based on the series of transactions reflected on the account statements, it is reasonable to infer that Dulong agreed to the full amount shown on the statements and impliedly promised to pay the

indebtedness."); *see also Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.) ("[B]ased on appellants' usage of the credit card, we may reasonably infer that they impliedly agreed to pay a fixed amount equal to the purchases and cash advances they made, plus interest."). Furthermore, McGrew has raised no fact issues that would preclude summary judgment. *Tex. Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 733 (Tex. App.—San Antonio 1998, no pet.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). McGrew has not presented any evidence suggesting a different amount is owed. We therefore overrule McGrew's second issue.

## Conclusion

Having overruled each of McGrew's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed June 17, 2009
[CV06]