

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00030-CV

AMERICAN EXPRESS BANK, FSB            APPELLANT

V.

ROY BEARDEN            APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction and Background

Appellant American Express Bank, FSB appeals the trial court's no-evidence summary judgment in favor of Appellee Roy Bearden. American Express filed suit against Bearden alleging that the parties had entered into a Card Member Agreement and that Bearden had an unpaid balance of $13,706.50. In his answer, Bearden expressly denied entering into a Card

---

[1]*See* Tex. R. App. P. 47.4.

Member Agreement, making purchases, receiving cash advances, or receiving any invoices or notice of charges. Bearden subsequently filed a no-evidence summary judgment raising these arguments, and the trial court granted the motion after sustaining certain objections to American Express's summary judgment evidence. In its sole issue, American Express argues that the trial court erred by granting the no-evidence summary judgment. We affirm.

## II. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168

S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

### III. Discussion

American Express contends that the no-evidence summary judgment should not have been granted because there is more than a scintilla of evidence that the parties formed and that Bearden breached the credit agreement. Bearden responds that American Express presented no evidence of Bearden's application for credit, of American Express's agreement to offer credit, of Bearden's use of the credit card or receipt of invoices, or of Bearden's payments toward the balance.

### A. Applicable Law

The essential elements of American Express's breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by

3

the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Winchek*, 232 S.W.3d at 202; *Prime Prods.*, 97 S.W.3d at 636. "An express contract arises when its terms are stated by the parties whereas an implied contract can arise from the acts and conduct of the parties." *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 894 (Tex. App.—Dallas 2008, no pet.) (citing *Harrison v. Williams Dental Group, P.C.*, 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004, no pet.)).

**B. Analysis**

Outside of conclusory assertions in American Express's summary judgment affidavits to the effect that Bearden entered into the Card Member Agreement with American Express and that American Express made cash advances to Bearden, there is no evidence that the Roy Bearden who was the defendant below and is the appellee in this appeal is the person who requested this credit card account with American Express or took any action consistent with

4

having requested the credit card account.[2]  This failure of proof was the central theme of Bearden's motion for no-evidence summary judgment.

In its summary judgment filings, American Express clearly presented evidence that persons named John Adame and Adam Patrey incurred charges on a credit card account and that the invoices on that account were addressed to "Roy D Bearden, Texas 8 Ball, 218 W Oak St., Denton TX 76201-4112."  But there is no evidence that Bearden had any association with that business entity or that address, that he received any of the invoices mailed to that address,[3] that he personally incurred any charges on the credit card account or authorized others to do so, or that he personally made any payments on the account.  Missing from American Express's summary judgment evidence is any conduct by Bearden that circumstantially suggests that he is the person that requested this credit card account or authorized others to use it.  American Express points to the language in the Card Member Agreement providing that use of the credit card

[2]"Conclusory statements are not proper summary judgment proof."  *See generally Lindley v. McKnight*, 349 S.W.3d 113, 126 (Tex. App.—Fort Worth 2011, no pet.).  The trial court sustained several of Bearden's objections to the conclusory assertions in American Express's summary judgment affidavits.  American Express challenges some of the trial court's evidentiary rulings on appeal but does not challenge the trial court's rulings concerning the conclusory statements in the affidavits.  We therefore do not consider the conclusory statements in the affidavits.  Also, we do not reach the merits of the trial court's other evidentiary rulings because, even considering the excluded evidence, it does not raise a fact issue sufficient to defeat Bearden's motion for no-evidence summary judgment.  *See* Tex. R. App. P. 47.1, 47.4.

[3]Indeed, American Express's original and first amended petitions listed Bearden's address as being in Arlington, not Denton.

by the cardholder constitutes agreement to the terms of the Card Member Agreement and that the primary cardholder is liable for the charges incurred by other authorized users on the account. But American Express has not presented competent summary judgment evidence that Bearden requested the opening of this credit card account or authorized anyone else to open the account on his behalf.

American Express's summary judgment evidence is consistent with at least three occurrences: (1) the creation and use of this credit card account by a person without Bearden's knowledge or authorization; (2) the creation of this credit card account by a different Roy Bearden; and (3) the creation of this credit card account by Bearden along with his authorization for additional cardholders to make charges to the account. A party cannot avoid summary judgment by relying on circumstantial evidence that is equally consistent with the nonexistence of the fact the party seeks to prove. *Soodeen v. Rychel*, 802 S.W.2d 361, 363 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *see also Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997) (holding "meager circumstantial evidence" that could give rise to any number of inferences, none more probable than another, is no evidence of an ultimate fact issue). Thus, American Express failed to present more than a scintilla of summary judgment evidence of a contract between itself and Bearden. On this record, we hold that the trial court did not err by granting Bearden's motion for

no-evidence summary judgment, and we overrule American Express's sole issue.

## IV. Conclusion

Having overruled American Express's sole issue, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: March 22, 2012

7