02-11-030-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00030-CV

 

 


 
 
 AMERICAN EXPRESS BANK, FSB
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 ROY BEARDEN
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 3 OF TARRANT COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction and Background

Appellant
American Express Bank, FSB appeals the trial court’s no-evidence summary
judgment in favor of Appellee Roy Bearden.  American Express filed suit against
Bearden alleging that the parties had entered into a Card Member Agreement and
that Bearden had an unpaid balance of $13,706.50.  In his answer, Bearden
expressly denied entering into a Card Member Agreement, making purchases,
receiving cash advances, or receiving any invoices or notice of charges. 
Bearden subsequently filed a no-evidence summary judgment raising these
arguments, and the trial court granted the motion after sustaining certain
objections to American Express’s summary judgment evidence.  In its sole issue,
American Express argues that the trial court erred by granting the no-evidence
summary judgment.  We affirm.

II. 
Standard of Review

After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence.  Id.; Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) & cmt.;
Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).  We credit evidence favorable to
the nonmovant if reasonable jurors could, and we disregard evidence contrary to
the nonmovant unless reasonable jurors could not.  Timpte Indus., 286
S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582
(Tex. 2006)).  If the nonmovant brings forward more than a scintilla of
probative evidence that raises a genuine issue of material fact, then a
no-evidence summary judgment is not proper.  Smith v. O’Donnell, 288
S.W.3d 417, 424 (Tex. 2009); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).  Less than a
scintilla of evidence exists when the evidence is so weak that it does nothing
more than create a mere surmise or suspicion of a fact.  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

III. 
Discussion

American
Express contends that the no-evidence summary judgment should not have been
granted because there is more than a scintilla of evidence that the parties
formed and that Bearden breached the credit agreement.  Bearden responds that
American Express presented no evidence of Bearden’s application for credit, of
American Express’s agreement to offer credit, of Bearden’s use of the credit
card or receipt of invoices, or of Bearden’s payments toward the balance.

A.  Applicable Law

The
essential elements of American Express’s breach of contract claim are (1) the
existence of a valid contract, (2) performance or tendered performance by the
plaintiff, (3) breach of the contract by the defendant, and (4) damages
sustained as a result of the breach.  Prime Prods., Inc. v. S.S.I. Plastics,
Inc., 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied);
see Winchek v. Am. Express Travel Related Servs. Co., 232 S.W.3d 197,
202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  Parties form a binding
contract when the following elements are present:  (1) an offer, (2) an
acceptance in strict compliance with the terms of the offer, (3) meeting of the
minds, (4) each party’s consent to the terms, and (5) execution and delivery of
the contract with the intent that it be mutual and binding.  Winchek,
232 S.W.3d at 202; Prime Prods., 97 S.W.3d at 636.  “An express contract
arises when its terms are stated by the parties whereas an implied contract can
arise from the acts and conduct of the parties.”  Dulong v. Citibank (S.D.),
N.A., 261 S.W.3d 890, 894 (Tex. App.—Dallas 2008, no pet.) (citing Harrison
v. Williams Dental Group, P.C., 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004,
no pet.)).

B.  Analysis

Outside
of conclusory assertions in American Express’s summary judgment affidavits to
the effect that Bearden entered into the Card Member Agreement with American
Express and that American Express made cash advances to Bearden, there is no
evidence that the Roy Bearden who was the defendant below and is the appellee
in this appeal is the person who requested this credit card account with
American Express or took any action consistent with having requested the credit
card account.[2]  This failure of proof
was the central theme of Bearden’s motion for no-evidence summary judgment.

In
its summary judgment filings, American Express clearly presented evidence that
persons named John Adame and Adam Patrey incurred charges on a credit card
account and that the invoices on that account were addressed to “Roy D Bearden,
Texas 8 Ball, 218 W Oak St., Denton TX 76201-4112.”  But there is no evidence
that Bearden had any association with that business entity or that address,
that he received any of the invoices mailed to that address,[3]
that he personally incurred any charges on the credit card account or
authorized others to do so, or that he personally made any payments on the
account.  Missing from American Express’s summary judgment evidence is any
conduct by Bearden that circumstantially suggests that he is the person that
requested this credit card account or authorized others to use it.  American
Express points to the language in the Card Member Agreement providing that use
of the credit card by the cardholder constitutes agreement to the terms of the
Card Member Agreement and that the primary cardholder is liable for the charges
incurred by other authorized users on the account.  But American Express has
not presented competent summary judgment evidence that Bearden requested the
opening of this credit card account or authorized anyone else to open the
account on his behalf.

American
Express’s summary judgment evidence is consistent with at least three
occurrences:  (1) the creation and use of this credit card account by a person
without Bearden’s knowledge or authorization; (2) the creation of this credit
card account by a different Roy Bearden; and (3) the creation of this credit
card account by Bearden along with his authorization for additional cardholders
to make charges to the account.  A party cannot avoid summary judgment by relying
on circumstantial evidence that is equally consistent with the nonexistence of
the fact the party seeks to prove.  Soodeen v. Rychel, 802 S.W.2d 361,
363 (Tex. App.—Houston [1st Dist.] 1990, writ denied); see also Hammerly
Oaks, Inc. v. Edwards, 958 S.W.2d 387, 392 (Tex. 1997) (holding “meager
circumstantial evidence” that could give rise to any number of inferences, none
more probable than another, is no evidence of an ultimate fact issue).  Thus,
American Express failed to present more than a scintilla of summary judgment
evidence of a contract between itself and Bearden.  On this record, we hold
that the trial court did not err by granting Bearden’s motion for no-evidence
summary judgment, and we overrule American Express’s sole issue.

IV. 
Conclusion

          Having
overruled American Express’s sole issue, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.



DELIVERED: March 22, 2012









[1]See Tex. R. App. P. 47.4.





[2]“Conclusory statements are
not proper summary judgment proof.”  See generally Lindley v. McKnight,
349 S.W.3d 113, 126 (Tex. App.—Fort Worth 2011, no pet.).  The trial court
sustained several of Bearden’s objections to the conclusory assertions in
American Express’s summary judgment affidavits.  American Express challenges
some of the trial court’s evidentiary rulings on appeal but does not challenge
the trial court’s rulings concerning the conclusory statements in the
affidavits.  We therefore do not consider the conclusory statements in the
affidavits.  Also, we do not reach the merits of the trial court’s other
evidentiary rulings because, even considering the excluded evidence, it does
not raise a fact issue sufficient to defeat Bearden’s motion for no-evidence
summary judgment.  See Tex. R. App. P. 47.1, 47.4.





[3]Indeed, American Express’s
original and first amended petitions listed Bearden’s address as being in
Arlington, not Denton.