# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00510-CV

**Investment Retrievers, Inc., a California Corporation, Assignee of Wells Fargo Bank, N.A., Appellant**

**v.**

**Linda K. Fisher, Individually and d/b/a Fisher Properties, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-008199, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this credit card debt-collection case, appellant Investment Retrievers, Inc. appeals the trial court's judgment granting no-evidence summary judgment in favor of appellee Linda K. Fisher, individually and d/b/a Fisher Properties. We affirm in part and reverse and remand in part.

## BACKGROUND

Investment Retrievers, as assignee of Wells Fargo Bank, N.A., sued Fisher in August 2012 seeking to recover the past due amount on Fisher's credit card account plus interest and attorney's fees based on claims of breach of contract, open account, account stated, and quantum meruit. According to Investment Retrievers, Fisher defaulted in making payments on the account,

Wells Fargo accelerated maturity of the total amount owed, and subsequently Wells Fargo sold and assigned the account to Investment Retrievers.

Investment Retrievers attached to its original petition: (i) Fisher's redacted application for a business credit card for Fisher Properties from Wells Fargo in 2006, (ii) Wells Fargo's customer agreement for business cards effective January 1, 2008, (iii) monthly statements of Fisher's account from Wells Fargo during the time period January 2009 to March 2010, and (iv) a bill of sale between Wells Fargo and Investment Retrievers dated February 23, 2011. The application for a credit card includes an agreement and personal guarantee signed by Fisher on July 27, 2006; the monthly statements of account show purchases, interest rates and finance charges, cash advances, and payments until the charge-off date in March 2010; and the bill of sale states that Investment Retrievers "hereby purchases and accepts, and Seller hereby sells, assigns, transfers, and conveys to Buyer all its rights, interest and title in and to the Receivables listed on the attached Schedule A." Five pages of excerpts from a spreadsheet follow the Bill of Sale that reference Fisher's account by number, name, charge-off date, charge-off amount, balance, last payment amount, last payment date, credit line, and last merchandise purchase date.

Fisher filed a motion for no-evidence summary judgment in May 2013 on the following grounds:

Plaintiff is unable to bring forth legally sufficient evidence of the essential elements of its claim which are as follows: (a) Defendant applied for credit; Plaintiff extended credit to Defendant; Defendant was obligated to repay amounts provided to Defendant on credit on the terms alleged by Plaintiff; and Defendant defaulted on Defendant's payment obligations; (b) Plaintiff's claim arise [sic] from a breach of contract or from a failure to pay an account stated or open account that has damaged Plaintiff; (c) Despite written demand, Defendant failed to pay the amount owed;

2

(d) Plaintiff is the owner and holder of the claim; (e) Plaintiff can substantiate its damages, including calculation of principal and interest; (f) all conditions precedent to recovery have occurred or been performed.

Investments Retrievers responded to Fisher's motion and produced evidence in support of its response. Its evidence included Fisher's responses to requests for admission and business records accompanied by affidavits from Roger Williams, as the custodian of records for Wells Fargo, and Gina Guillory, as the custodian of records for Investment Retrievers. The records included the documents that were attached to Investment Retrievers's original petition and additional monthly statements of Fisher's account during the period of 2006 to the charge-off date in 2010. Williams averred:

1.     My name is Roger Williams. I am over 18 years of age and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.     I am the custodian of records of Wells Fargo Bank, N.A.

3.     Attached to this affidavit are 98 pages of records from Wells Fargo Bank, N.A.

4.     These 98 pages are kept by Wells Fargo Bank, N.A. in the regular course of business, and it was the regular course of business of Wells Fargo Bank, N.A. for an employee or representative of Wells Fargo Bank, N.A., with knowledge of the act, event, condition, opinion, or account that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or account that was recorded by or from information transmitted by a person with knowledge. The records attached to this affidavit are originals or are exact duplicates of the originals.

5.     I have reviewed the file in this matter and upon review of the file have personal knowledge of the facts set forth in this affidavit concerning this claim against Defendant, LINDA K. FISHER, INDIVIDUALLY and DBA

3

FISHER PROPERTIES. I have personal knowledge of the books and records concerning this matter. Based on this knowledge, I declare the following:

6.     The Defendant entered into an agreement with the Plaintiffs Assignor allowing Defendant to receive cash advances and/or purchase goods and services. The attached Application for account number ending in xxxxxxxxxxxxl702 is the original, true and correct account or an exact duplicate thereof of Defendant, LINDA K. FISHER, INDIVIDUALLY and DBA FISHER PROPERTIES, which has been maintained in files under my supervision and control. See a signed copy of the application attached hereto as Exhibit "A" and Customer Agreement attached hereto as Exhibit "B."

7.     In accordance with the agreement, Defendant promised to pay for the account number ending in xxxxxxxxxxxxl702. The Defendant failed to make payments due on the account. Due to Defendant's failure to pay in accordance with the terms of the account, the account was charged off in the amount of $7,857.70. See the Defendant's Monthly Statements attached hereto as Exhibit "C."

8.     On or about February 23, 2011, Plaintiff entered into a bill of sale with Wells Fargo Bank, in which Wells Fargo Bank assigned all of its rights, title and interest in monies owed under the Agreement to Plaintiff. See Bill of Sale attached hereto as Exhibit "D."

Guillory's affidavit contains similar testimony, and the records attached to her affidavit include the same documents concerning Fisher's account as well as copies of checks written by Fisher that were made payable to Wells Fargo. Two of the checks reference an account number ending in "1702."

Fisher filed objections to Investment Retrievers's evidence. She objected to (i) the affidavit of Williams, on the ground that "it contains unsupported factual and legal statements"; (ii) the bill of sale, on the grounds that it is a conditional document and a portion of a larger document that does not stand by itself; (iii) the pages following the bill of sale, on the grounds of hearsay and lack of authentication; and (iv) Fisher's application, on the grounds that the application was not linked to Fisher's account and was not legible.

4

After a hearing, the trial court granted Fisher's motion for summary judgment without stating the basis for its ruling. In its judgment, the trial court denied all claims asserted by Investment Retrievers and all relief requested that was not expressly granted. This appeal followed.

## ANALYSIS

### Quantum Meruit

On appeal, Investment Retrievers does not address its pleaded claim for quantum meruit. Thus, we must affirm the summary judgment as to that claim. *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 124 (Tex. 2006) ("[A]bsent fundamental error, an appellate court should refrain from deciding cases on legal errors not assigned by the parties."); *Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) ("It is error for a court of appeals to consider unassigned points of error."); *Montes v. Pendergrass*, 61 S.W.3d 505, 508 (Tex. App.—San Antonio 2001, no pet.) (upholding summary judgment in favor of defendant because plaintiff did not assert point of error as to ground raised by defendant in motion for summary judgment and noting that appellate courts generally cannot reverse trial court judgment without properly assigned error).

### Remaining Claims

As to Investment Retrievers's remaining claims, it raises five issues on appeal. Investment Retrievers contends that the trial court erred by finding that there was no evidence to support its claims of breach of contract, open account, and account stated, and that its business

records affidavits were admissible as substantive evidence under Texas Rules of Evidence 803(6) and 902(10). *See* Tex. R. Evid. 803(6), 902(10).[1]

*Standard of Review*

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A movant seeking a no-evidence summary judgment must assert that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact" on the challenged elements. *Id*.; *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When reviewing a summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582.

---

[1] We refer to the Texas Rules of Evidence in effect in 2013. *See* Texas Supreme Court, Misc. Docket No. 15-9048 (approving amendments to Texas Rules of Evidence).

*Affidavits*

We begin with Investment Retrievers's issues addressing the affidavits accompanying the business records. Investment Retrievers urges that the affidavits were admissible as substantive evidence because they substantially complied with the business records exception to hearsay. *See* Tex. R. Evid. 803(6), 902(10); *see also* Tex. R. Civ. P. 166a(f) (requiring affidavits to "be made on personal knowledge, . . . set forth such facts as would be admissible in evidence," and to "show affirmatively that the affiant is competent to testify to the matters stated therein"). Texas Rule of Evidence 803(6) excludes from the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Tex. R. Evid. 803(6). Texas Rule of Evidence 902(10) sets out the form for an affidavit accompanying business records so that the records are self-authenticating. *Id*. R. 902(10). Based on our review of the affidavits, we agree with Investment Retrievers that the affidavits substantially complied with Texas Rules of Evidence 803(6) and 902(10).[2]

---

[2] Among its arguments, Investment Retrievers urges that Guillory, who was the custodian of records for Investment Retrievers, properly authenticated the business records that originated from Wells Fargo. *See Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 245 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding third party documents admissible as business records of different business in lawsuit to collect credit card debt); *Ekpe v. CACH, LLC*, No. 03-10-00274-CV, 2011 WL 1005379, at *6 n.1 (Tex. App.—Austin Mar. 16, 2011, no pet.) (mem. op.) (noting that

In her briefing to this Court, Fisher's arguments focus on the bill of sale and the printout that followed the bill of sale to support her contention that there was no evidence that Investment Retrievers owned the account. According to Fisher, (i) the bill of sale is not admissible evidence because "[n]either a list or any document identified as 'Schedule A' is attached" and there was no explanation of the redactions on the bill of sale itself; (ii) the printout that followed the bill of sale is not admissible evidence because some of the boxes do not contain information, Wells Fargo is not identified in the printout, the printout "is not authenticated, it is not signed, and no testimony is offered to explain what it is or where it came from"; and (iii) the custodial testimony in the affidavits that Wells Fargo assigned the account to Investment Retrievers is not admissible because "it is clear that each has no knowledge in excess of what is in the records."

To the extent Fisher's arguments raise objections as to the form of Investment Retrievers's affidavits, she has not preserved these arguments for our review. *See Colvin v. Texas Dow Emps. Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *4 (Tex. App.—Houston [1st Dist.] Nov. 15, 2012, no pet.) (mem. op.) (requiring ruling on objections to form of affidavit to preserve complaint on appeal and noting that objections of lack of personal knowledge, hearsay, and best-evidence are objections to form of affidavit); *Ekpe v. CACH, LLC*, No. 03-10-00274-CV, 2011 WL 1005379, at *6 n.1 (Tex. App.—Austin Mar. 16, 2011, no pet.) (mem. op.) (concluding

_____

"this Court and others have recognized that a witness may have personal knowledge and competence to testify regarding the record-keeping practices of a person other than his or her employer"). Fisher did not file a written objection to Guillory's affidavit and does not join issue with this argument. In any case, Investment Retrievers also produced the affidavit of Williams, who was the custodian of records for Wells Fargo, to authenticate the records from Wells Fargo under Texas Rule of Evidence 902(10).

8

that complaints that accompanying business-records affidavits were defective or insufficient were not preserved because no express ruling in record); *see also* Tex. R. App. P. 33.1(a)(1); Tex. R. Civ. P. 166a(f); *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (noting that failure to object to defects in form resulted in waiver); *Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (requiring party making objection to obtain ruling on objections); *Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("[A] trial court's ruling on an objection to summary-judgment evidence is not implicit in its ruling on the motion for summary judgment." (quoting *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.)).

Although Fisher refers to the trial court's ruling on her objections, she does not provide citation to the record, and we have not found a ruling in the record. *See Dulong v. Citibank (S. Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.) (noting that appellant did not cite and court did not find "express ruling from trial court on these objections" and concluding objections that affiant did not have personal knowledge and that affidavit failed to comply with business records exception to hearsay were not preserved). Fisher also did not file a written objection to the affidavit of Guillory or to the monthly account statements in the business records. In the order granting summary judgment, the trial court states that it considered "rulings on summary judgment evidence," but the court does not state what the rulings were.

Thus, our review of the evidence is limited to whether the affidavits and the business records were competent summary judgment evidence in support of Investment Retrievers's claims. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.) (allowing

9

complaints as to "defects in the substance of the opposing party's evidence" on appeal and noting that "[s]ubstantive defects are those that leave the evidence legally insufficient, and include affidavits which are nothing more than legal or factual conclusions"); *see also Rogers v. Unifund CCR Partners*, No. 01-10-01146-CV, 2012 WL 1379631, at *6 n.2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2012, pet. denied) (mem. op.) (noting that, because party did not object to summary judgment evidence to trial court, appellate court could only consider objections to affidavit that raised "substantive defect—i.e. that [ ] affidavit was conclusory or unsupported by facts").

Summary judgment may be based on an affidavit that is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been easily controverted." *See* Tex. R. Civ. P. 166a(c). In their affidavits, Williams and Guillory testified consistently as to the balance owed and the assignment of Fisher's account from Wells Fargo to Investment Retrievers, and the business records attached to the affidavits are consistent with their testimony. Although the printout that follows the bill of sale contains redacted information and does not include a title identifying it as "Schedule A" or reference Wells Fargo, it references Fisher Properties, Linda Fisher as the guarantor, the balance owed, the charge-off date, and other information consistent with the monthly statements of Fisher's account.[3] The testimony in the

---

[3] Investment Retrievers asserts that redacted information from the printout was confidential or proprietary, not relevant to the parties' dispute, and required to be redacted to protect the private information of Fisher. *See In re Cooper Tire & Rubber Co.*, 313 SW3d 910, 914–15 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (discussing trade secret privilege); *John Paul Mitchell Sys. v. Randalls Food Mkts., Inc.*, 17 S.W.3d 721, 738 (Tex. App.—Austin 2000, pet. denied) (same); *see also* Texas Supreme Court, Misc. Docket No.11-9152 (requiring electronically filed documents to redact private information such as social security numbers, bank account numbers, and credit card numbers).

affidavits, including the amount owed and the assignment of the account to Investment Retrievers, also is consistent with the business records, including Fisher's application for a credit card from Wells Fargo, the monthly statements from Wells Fargo showing the interest rate, finance charges, offsets, and credits, and Well Fargo's charge-off statement.

For purposes of this appeal, we conclude that the affidavits are competent summary judgment evidence. *See Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 206 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding that affidavit concerning credit card debt and outstanding balance on account was not conclusory and "constituted competent summary judgment proof"); *Colvin*, 2012 WL 5544950, at *11 (concluding that uncontroverted affidavit was some evidence to defeat no-evidence summary judgment); *Damron v. Citibank (S. Dakota) N.A.*, No. 03-09-00438-CV, 2010 WL 3377777, at *3–4 (Tex. App.—Austin Aug. 25, 2010, pet. denied) (mem. op.) (concluding testimony in affidavit competent and noting that "rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator or have personal knowledge of the contents of the record; the witness is required only to have personal knowledge of the manner in which the records were kept").

*Sufficiency of Evidence*

We turn then to whether Investment Retrievers's evidence, including the affidavits with their attachments, was sufficient to raise a genuine issue of material fact as to the elements of its claims. Tex. R. Civ. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 581–82. Fisher does not dispute

11

that she opened the credit card account with Wells Fargo or that she used the card.[4] The attachments to the affidavits of Williams and Guillory included Fisher's application for a credit card, the agreement and personal guarantee signed by Fisher, Wells Fargo's customer agreement, Wells Fargo's monthly statements showing interest and finance charges, offsets, and credits, and Wells Fargo's charge-off statement.[5] In their affidavits, Williams and Guillory testified as to the amount that Fisher owed to Wells Fargo as of the charge-off date. Viewing the evidence in the light most favorable to Investment Retrievers, Fisher used her credit card from Wells Fargo to make purchases and to receive cash advances, she made payments to Wells Fargo on the account, and she subsequently defaulted on the account and owed the account balance as of the charge-off date. *See Mack Trucks*, 206 S.W.3d at 582 (describing standard for reviewing summary judgment evidence).

This evidence was sufficient to create genuine issues of material fact as to the elements of breach of contract, account stated, and open account had the claims been asserted by Wells Fargo. *See Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407–08 (Tex. App.—El Paso 2009, no pet.) (listing elements of claims for breach of contract, account stated, and open account in context of credit card debt-collection case);[6] *Winchek*, 232 S.W.3d at 204–05 (concluding creditor

[4] In her responses to Investment Retrievers's requests for admission, Fisher admitted that she "request[ed] that Wells Fargo Bank, N.A. ("Creditor") open an account on [Fisher]'s behalf, that "Creditor opened account number XXXX-XXXX-XXXX-1702 (the "Account") on [Fisher]'s behalf," and that Investment Retrievers "made written demand upon [Fisher] for payment of said Account more than thirty days prior to filing this lawsuit."

[5] As previously noted, Fisher does not dispute the monthly statements of her account.

[6] "Recovery under a breach-of-contract claim requires proof of four elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no pet.) (citing

met summary judgment burden on breach of contract claim, where evidence included credit card agreement and billing statements with explanation for cost of credit and offsets and credits and noting that use of credit card and payments to account without disputing accuracy of statements demonstrates debtor's assent to credit card terms); *see also Evans v. Citibank (S. Dakota), N.A.*, No. 05-11-01107-CV, 2013 WL 2488789, at *6 (Tex. App.—Dallas June 7, 2013, no pet.) (mem. op.) (noting that "summary judgment based on account stated claim is proper if the evidence shows account statements were sent to the debtor, charges and payments were made on the account, fees and interest were charged on the account, and there is no evidence the debtor ever disputed the fees or charges reflected on the account statements"); *Singh v. Citibank (S. Dakota), N.A.*, No. 03–10–00408–CV, 2011 WL 1103788, at *5 (Tex. App.—Austin Mar. 24, 2011, no pet.) (mem. op.) (affirming summary judgment in favor of creditor on account stated claim).

The dispositive issue then is whether Investment Retrievers presented some evidence to create a genuine issue of material fact as to the element of ownership of the account—whether

---

*Orix Capital Mkts., L.L.C. v. Washington Mut. Bank*, 260 S.W.3d 620, 623 (Tex. App.—Dallas 2008, no pet.)).

"A party is entitled to relief for a stated account where (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due, and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness." *Id*. at 407–08 (citing, among other authority, *Dulong v. Citibank (S. Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.)).

"The elements of an open account include transactions between the parties, creating a creditor-debtor relationship through the general course of dealing, with the account still being open, and with the expectation of further dealing." *Id*. at 408 (citation omitted); *see id.* at 409 (noting that, although debtor defaulted on credit card debt, account remained open because debtor "maintained his obligation to pay the debt").

Wells Fargo assigned Fisher's account to Investment Retrievers in the bill of sale.  *See Eaves*, 301 S.W.3d at 406 ("[T]he assignee stands in the shoes of the assignor and may assert those rights that the assignor could assert." (citing, among other authority, *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000)).  Fisher contends that Investment Retrievers did not produce any admissible evidence that Wells Fargo assigned the account to Investment Retrievers because, among other arguments, there was no document identified as "Schedule A" to the bill of sale, no explanation of the redactions on the bill of sale itself, and boxes without information in the printout that followed the bill of sale.

As already discussed, however, Williams and Guillory testified consistently that Wells Fargo and Investment Retrievers entered into the bill of sale and that Fisher's account was among the accounts assigned to Investment Retrievers in the bill of sale.  The printout that followed the bill of sale also identifies, among other information, the account number, Fisher's name, the charge-off amount, and charge-off date consistent with the monthly statements of account.

Viewing the evidence in the light most favorable to Investment Retrievers, we conclude that the evidence was sufficient to create a genuine issue of material fact as to whether Wells Fargo assigned Fisher's account to Investment Retrievers.  *See Mack Trucks*, 206 S.W.3d at 582; *Wood v. Pharia, L.L.C.*, No. 01-10-00579-CV, 2010 WL 5060621, at *6 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (mem. op.) (concluding that evidence sufficient to support finding that debtor's account was transferred even though bill of sale "did not include an attachment indicating that [debtor]'s account was transferred"); *Monroe v. Unifund CCR Partners*, No. 01-09-00101-CV, 2010 WL 1948332, at *6, 8 & n.1 (Tex. App.—Houston [1st Dist.]

14

May 13, 2010, no pet.) (mem. op.) (concluding that business records, including bill of sale that referenced but did not include "Accounts described in Section 1.2 of the Agreement," were "some evidence" to support trial court's finding that account was assigned)*; Jaramillo v. Portfolio Acquisitions, LLC*, No. 14–08–00939–CV, 2010 WL 1197669, at *4 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.) (mem. op.) (concluding evidence sufficient to prove ownership of account and assignment even though bill of sale did not include "an attached 'Appendix A'" and noting that following bill of review was "a spreadsheet displaying appellant's name, contact information, [ ] account number, account information, and the amount owed on the account").

Thus, we conclude that the trial court erred by granting no-evidence summary judgment on Investment Retrievers's claims of breach of contract, account stated, and open account and sustain Investment Retriever's issues as to those claims.

## CONCLUSION

For these reasons, we affirm the trial court's judgment as to Investment Retrievers's claim for quantum meruit, reverse the trial court's judgment as to Investment Retrievers's remaining claims, and remand the case to the trial court for further proceedings consistent with this opinion.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in Part; Reversed and Remanded in Part

Filed:   June 25, 2015