**Amo COMPTON, Jr., Appellant,**

v.

**CITIBANK (SOUTH DAKOTA), N.A., Appellee.**

**No. 05–11–00245–CV.**

Court of Appeals of Texas, Dallas.

March 30, 2012.

---

Robert M. Clark, Jr., Eddleman & Clark, Dallas, TX, for Appellant.

Allen L. Adkins, Lindsay B. Nickle, Allen L. Adkins & Associates, P.C., Lubbock, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION

Opinion By Justice MYERS.

Amo Compton, Jr. appeals the trial court's judgment in favor of Citibank (South Dakota), N.A. on its claims for breach of contract and account stated. On appeal, Compton presents six issues asserting the trial court erred in granting Citibank's motion for summary judgment. Compton contends the trial court erred in granting summary judgment on Citibank's breach of contract cause of action because (a) Compton's affidavit raised a genuine issue of material fact on Citibank's breach of contract claim; (b) Citibank's evidence created a fact issue concerning the applicable finance charge; and (c) Compton was entitled to rely on the terms of the express

contract, and the trial court erred in finding he acknowledged any other terms or amounts due. Compton contends the trial court erred in granting Citibank's motion for summary judgment on the account stated claim because (a) there was no evidence Compton agreed to a certain amount owed, that account statements were delivered to him, and evidence showed Compton had not seen any account statements; and (b) Citibank alleged that an express contract existed between the parties. We affirm the trial court's judgment.

## BACKGROUND

Citibank sued Compton alleging breach of contract and account stated based on credit card debt. After Compton answered the lawsuit, asserting general and specific denials and affirmative defenses, Citibank moved for summary judgment on both of its claims. Citibank's summary judgment consisted of a records custodian's affidavit that attached account records exceeding 170 pages. Compton's response included his affidavit, to which Citibank objected. The trial court sustained most of those objections, and Compton does not assert on appeal that the trial court erred in sustaining those objections. The trial court also sustained Compton's objection to late-filed evidence offered by Citibank in its reply to Compton's summary judgment response. Accordingly, the only summary judgment evidence before the trial court was the affidavit of Citibank's records custodian, Kathy Rizor, and the attachments to Rizor's affidavit. The trial court granted Citibank's motion for summary judgment without stating the basis for its decision.

## STANDARD OF REVIEW

We review summary judgments under well-established standards. *See* TEX.R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt.*

*Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) (traditional motions under rule 166a(c)). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex.App.-Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex.2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied).

■ When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000); *Furmanite Worldwide, Inc. v. NextCorp., Ltd.*, 339 S.W.3d 326, 331 (Tex. App.-Dallas 2011, no pet.). The trial court's order granting Citibank's motion for summary judgment did not specify whether judgment was granted on Citibank's breach of contract or account stated claim. Accordingly, if the motion supported summary judgment on either claim, we will affirm.

## ACCOUNT STATED

■ In his second, fourth, fifth, and sixth issues, Compton contends the trial court erred in granting summary judgment on Citibank's account stated claim. To recover under its account stated claim, Citibank had to prove (1) transactions be-

tween it and Compton gave rise to the indebtedness, (2) an agreement, express or implied, between the parties that fixed the amount due, and (3) Compton made an express or implied promise to pay the indebtedness. *See Dulong v. Citibank (S.D.), N.A.,* 261 S.W.3d 890, 893 (Tex. App.-Dallas 2008, no pet.).

■ In his second issue, Compton contends the trial court erred in granting summary judgment on the account stated claim because there is no evidence he agreed to a certain amount owed or that account statements were delivered to him. Citibank was not required to produce a written agreement if it produced evidence of an agreement between the parties because an account stated claim is based on an express or implied agreement. *Id.* at 894. Citibank's summary judgment evidence consisted of the records custodian's affidavit, which included billing statements for each month beginning February 2002 and ending June 2009. Each statement was addressed to Compton at the same address in Mesquite, Texas and showed the same account number. The statements evidenced charges and payments made during the more than seven-year account period. Compton has not contested that he made the charges or payments. The statements also showed the credit available and the finance charges and rates for each period. Additionally, some statements listed late fees and over-credit-limit fees. There is no evidence Compton ever objected to or disputed the fees. For the period March through May 2007, the record contains personal checks in payment of the amounts shown due. The checks are also connected to a payment stub showing the handwritten amount of payment reflected on the accompanying check.

Summary judgment based on Citibank's account stated claim was proper if the evidence showed account statements were sent to Compton, charges and payments were made on the account, fees and interest were charged on the account, and there was no evidence Compton ever disputed the fees or charges reflected on the statements. *See Dulong,* 261 S.W.3d at 894. Based on the transactions shown in the account statements, checks, and payment stubs in the record, the undisputed evidence showed an implied promise to pay the indebtedness, and summary judgment was appropriate. *See id.* Compton's assertion in his second issue that there was no evidence he agreed to any certain amount owed or that statements were delivered is overruled.

In his fourth and sixth issues, Compton asserts summary judgment on an implied contract is inappropriate because Citibank alleged the existence of an express contract concerning the same transaction and that he is entitled to rely upon the terms of that express contract. Compton cites *Fortune Production Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex.2000); *Woodard v. Southwest States, Inc.,* 384 S.W.2d 674 (Tex.1964), and *Musick v. Pogue,* 330 S.W.2d 696, 699 (Tex.Civ.App.-San Antonio 1959, writ ref'd n.r.e.), for this proposition. He also asserts that *Truly v. Austin,* 744 S.W.2d 934 (Tex.1988), stands for the principle that a party cannot recover more under an implied contract theory than would be recoverable by express contract. Those cases involved unjust enrichment and quantum meruit claims and the general rule that a party cannot recover under unjust enrichment, quantum meruit, or implied contract for the reasonable value of services rendered or materials supplied where an express contract exists. *See Truly,* 744 S.W.2d at 936; *see also Fortune Prod.,* 52 S.W.3d at 684; *Woodard,* 384 S.W.2d at 675; *Musick,* 330 S.W.2d at 699. Those cases also involved the admission of an express contract between the

parties. Here, Compton maintains by way of argument that Citibank has failed to prove an express contract and that no evidence exists in the summary judgment record establishing the essential terms of a contract. He disputes the existence of an express contract. At the same time, Compton also fails to show a disputed fact question as to the parties' acts and conduct establishing an agreement by implication. *See, e.g., Damron v. Citibank (S.D.) N.A.*, No. 03–09–00438–CV, 2010 WL 3377777, at *5 (Tex.App.-Austin Aug. 25, 2010, pet. denied) (mem. op.) (concluding no merit in cardholder's argument express contract claim precluded judgment on account stated claim; Citibank could rely on evidence of parties' acts and conduct to establish agreement by implication); *cf. Effel v. McGarry*, 339 S.W.3d 789, 793 (Tex.App.-Dallas 2011, pet. denied) (account stated has different elements from breach of contract; concluding failure to plead account stated claim required creditor to prove material terms of original contract). As stated above, Citibank pleaded and the summary judgment evidence establishes an account stated claim as a matter of law. Accordingly, we overrule Compton's fourth, and sixth issues.

Appellant's fifth issue asserts the trial court erred in granting summary judgment on Citibank's account stated claim because there is a fact question on whether Compton agreed to the amount owing and other terms.[1] Appellant relies on *Morrison v. Citibank (South Dakota) N.A.*, 02–07–00130–CV, 2008 WL 553284 (Tex.App.-Fort Worth Feb. 28, 2008, no pet.) (mem. op.) (per curiam), in support of his argument. That case involved a trial before the court on Morrison's credit card debt on ten credit card accounts. The records custodian presented hundreds of pages of records of Morrison's account statements and payments for the ten accounts, which showed Morrison regularly paid only the minimum amount due each month. The trial court found the bank mailed the final statement for each account to Morrison but did not know if Morrison received them. *Id.* at *2. The court of appeals concluded the evidence was legally sufficient, but not factually sufficient, to support the judgment for Citibank:

Considering all of the evidence—Morrison's payment history involving a pattern of minimum monthly payments; the fact that the unpaid statements were mailed to her but, the trial court found, it was unknown whether she received them or not; and her failure to dispute any of the statements—we conclude that the evidence is fatally weak on the second element of account stated ("an agreement, express or implied, between the parties fix[ing] an amount due"). The statements show that, when she was making payments, Morrison regularly paid only a fraction of the full balance claimed to be due. Further, Morrison's failure to dispute the final statements, combined with the trial court's finding that Citibank did not know whether Morrison received the statements, is very weak evidence on the question of whether she "agreed" to pay the amount claimed in the final statements. We conclude that the evidence is so weak that the trial court's conclusion that Morrison agreed to the amount due is clearly wrong and manifestly unjust.

*Id.* at *3 (footnote omitted). Compton argues that if the evidence in *Morrison* was factually insufficient to support judgment for Citibank, then the similar evidence in this case should be insufficient to meet Citibank's summary judgment burden.

---

1. The issue is worded in terms of Citibank's breach of contract claim, but the argument under the issue concerns Citibank's account stated claim.

This Court, however, has taken a different position on these facts on an account stated claim. In *Dulong,* issued about six months after *Morrison,* this Court concluded that nearly identical facts to those in this case supported summary judgment on an account stated claim:

Citibank submitted billing statements from January 1999 to November 2006. The statements are issued to Dulong at the same billing address. There is no evidence to suggest the statements were not received. The statements reflect that when credit was available, new charges were made on the account almost every month. Payments were also made. The [litigation analyst's] Affidavit states that the initial interest rate on the account is set forth on the first billing statement, and the subsequent financial terms in effect each time the card was issued are set out on each monthly statement. The credit card statements support this fact. The credit card statements also show that late fees and "over the limit" fees were periodically assessed. There is no evidence Dulong ever objected to or disputed these fees. Based on the series of transactions reflected on the account statements, it is reasonable to infer that Dulong agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness.

*Dulong,* 261 S.W.3d at 894. This Court has followed that reasoning repeatedly in subsequent cases. *See Hays v. Citibank (S.D.), N.A.,* No. 05–11–00187–CV, 2012 WL 929673, at *3 (Tex.App.-Dallas Mar. 16, 2012, no pet. h.) (mem. op.); *Owusu v. Citibank (S.D.), N.A.,* No. 05–10–00175–CV, 2011 WL 2465475, at *2 (Tex.App.-Dallas June 22, 2011, no pet.) (mem. op.); *Moir v. Citibank (S.D.), N.A.,* No. 05–09–00641–CV, 2010 WL 2574212, at *2 (Tex. App.-Dallas June 29, 2010, no pet.) (mem. op.). Based on this Court's reasoning in *Dulong,* we conclude the summary judgment evidence in this case was sufficient to support summary judgment for Citibank, and we decline to follow the Fort Worth Court of Appeals' opinion in *Morrison.*[2]

Appellant also asserts he presented evidence showing he had not seen any account statements. As discussed above, appellant's affidavit was struck, so the record does not support this argument. Furthermore, although appellant stated in his affidavit that "the statements were not delivered to me or my home," appellant did not state that he had not seen the account statements. We overrule appellant's fifth issue.

## CONCLUSION

We conclude appellant has not shown the trial court erred in granting Citibank's motion for summary judgment on its account stated cause of action. Accordingly, we need not address appellant's issues concerning Citibank's breach of contract cause of action. We affirm the trial court's judgment.

**2.** The Austin and Waco Courts of Appeals have concluded that facts similar to those in this case and *Dulong* supported summary judgment on an account stated claim. *See Singh v. Citibank (S.D.), N.A.,* 03–10–00408–CV, 2011 WL 1103788, at *5 (Tex.App.-Austin Mar. 24, 2011, no pet.) (mem. op.); *Damron v. Citibank (S.D.), N.A.,* No. 03–09–00438–CV, 2010 WL 3377777, at *6 (Tex.App.-Austin Aug. 25, 2010, pet. denied) (mem. op.); *McFarland v. Citibank (S.D.), N.A.,* 293 S.W.3d 759, 763–64 (Tex.App.-Waco 2009, no pet.); *McGrew v. Citibank (S.D.), N.A.,* No. 10-07-00343-CV, 2009 WL 1693473, at *3 (Tex.App.-Waco 2009, no pet.) (mem. op.). No court has followed the Fort Worth court's opinion in *Morrison.*