**AFFIRMED; Opinion Filed August 14, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00465-CV

**PEGASUS TRANSPORATION GROUP, INC., Appellant**
**V.**
**CSX TRANSPORTATION, INC., Appellee**

### On Appeal from the 44th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-11-02008

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Lang

This is an appeal from the trial court's summary judgment in favor of CSX Transportation, Inc. in a suit brought by CSX to collect unpaid freight bills. In four issues, Pegasus Transportation Group, Inc. asserts the trial court improperly granted judgment in CSX's favor. We affirm the trial court's judgment.

## I. BACKGROUND

The undisputed facts leading up to the filing of the suit reflect that, in September 2001, Pegasus and CSX executed an "Intermodal Transportation Agreement" which provided that CSX would transport freight for Pegasus via interstate rail. The term of the agreement was one year. Although the contract was not renewed after the one-year period ended, CSX continued providing services to Pegasus, at Pegasus' request, for another seven-and-a-half years. During

these years, CSX presented Pegasus with "information" reflecting the amount owed for a particular shipment and drafted funds in that amount from Pegasus's bank account. However, between January 22, 2010 and February 5, 2010, Pegasus had no funds available for payment. CSX attempted to work with Pegasus regarding payment, but when Pegasus failed to pay, CSX filed suit. In its petition, CSX asserted alternative causes of action for breach of contract, account stated, and quantum meruit. CSX sought damages in the amount of $40,176.80 and attorney's fees.

Following discovery, CSX moved for partial summary judgment. In its motion, CSX asserted all of its alternative causes of action, but sought only $31,501 in damages. In support of its motion, CSX attached, among other documents, the November 30, 2011 deposition testimony of the president of Pegasus, John E. McFadden, and a document entitled "Historical Aged Trial Balance" ("Trial Balance") prepared by Pegasus that listed the freight bills received from CSX. The deposition testimony of McFadden reflected that the parties continued to do business after the "Intermodal Transportation Agreement" expired. Pegasus would contact CSX requesting it to transport a customer's freight. "[C]urrrent market pricing from CSX tendered to Pegasus" would "govern [the] transaction." CSX would then present Pegasus with a freight bill concerning the amount owed for the transportation and draft funds from Pegasus's bank account. Also, in his deposition testimony, McFadden authenticated the "Trial Balance," he admitted the freight bills listed in the "Trial Balance" totaled $30,262.05, and he agreed that amount was "owed" to CSX.[1] In support of its attorney's fees, CSX attached the affidavit of one its attorneys and a copy of the attorney's billing statement listing the attorney's hours worked and the hourly rate billed for his work on the case. The attorney stated CSX had incurred $15,957.26 in attorney fees. Further,

---

[1] The motion does not explain why there is a difference of $1238.95 between the amount the evidence reflected CSX was owed, $30,262.05, and the amount CSX sought in the motion, $31,501.

the attorney testified in the affidavit that, based on his familiarity with the usual and customary fees as well as his experience as a trial lawyer and in representing CSX in other similar litigation, these fees were reasonable and necessary.

Pegasus filed a response to CSX's motion that included an affidavit of McFadden. McFadden stated, in relevant part that, (1) Pegasus's written agreement with CSX had expired on September 18, 2002 and "[s]ince that time CSX and Pegasus have done a limited amount of business;" (2) "no invoice or statement . . . mentioned the $31,501.00 claimed as economic damages in the current Motion for Summary Judgment;" (3) CSX's summary judgment evidence failed to reflect the charges for the shipping were "agreed to" or "reasonable;" (4) "[T]he amounts are disputed because they do not agree with the amounts being sued upon in this Motion for Summary Judgment;" (5) contrary to CSX's assertions, "I have never agreed that I owed $31,501.00;" and (6) "I . . . reviewed the bills [received from CSX and] each and every one was excessive and unreasonable." Also, Pegasus filed the affidavit of its trial counsel who generally disputed the reasonableness of CSX's attorney's fees, but did not make any factual assertions addressing the services described by CSX's attorney.[2]

Without specifying grounds upon which it relied, the trial court granted a partial summary judgment in the amount of $30,262.05 and awarded the requested attorney's fees. CSX subsequently non-suited its claims for additional sums, and the trial court signed a final judgment.

## II.    SUMMARY JUDGMENT

In its four issues, Pegasus asserts summary judgment as to each of CSX's claims was improper.

---

[2] CSX subsequently moved to strike McFadden's affidavit, contending it was a "sham affidavit," and Pegasus subsequently objected to certain summary judgment evidence CSX attached to its reply to Pegasus's response. The trial court did not explicitly rule on either parties' contentions, and neither party asserts error on appeal in that regard. Accordingly, we consider the evidence. *See S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.).

## A. Standard of Review

A plaintiff may move for summary judgment in its favor upon all or part of its claim. *See* TEX. R. CIV. P. 166a(a). When the plaintiff files a traditional motion for summary judgment, it must prove no genuine issue of material fact exists and it is entitled to judgment, either in whole or in part, as a matter of law. *See* TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). If the plaintiff establishes it is entitled to judgment as a matter of law, the burden shifts to the defendant to respond with evidence raising a genuine issue of material fact. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d, 572, 582 (Tex. 2006). A trial court may render judgment on less than all the relief sought.[3] *See* TEX. R. CIV. P. 166a(e); *Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 104 (Tex. App.—Dallas 2009, pet denied).

A traditional summary judgment is reviewed de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In deciding whether a disputed material fact issue exists, the reviewing court takes as true evidence favorable to the nonmovant. *Willrich*, 28 S.W.3d at 23. The reviewing court also indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Id.* at 23. When the trial court does not specify the basis for its summary judgment, the judgment will be affirmed if any of the theories presented to the trial court and preserved for review are meritorious. *Knot*, 128 S.W.3d at 216.

---

[3] Rule 166a(e) reads as follows:

> **Case not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as matter of law, and directing such further proceedings in the action as are just.

TEX. R. CIV. P. 166a(e).

## B. Account Stated

In its second issue, Pegasus argues the trial court erred in granting summary judgment on the account stated claim because a fact issue exists as to whether the billing statements were delivered to Pegasus and whether Pegasus agreed to the amount owed. Pegasus further asserts the trial court erred in granting summary judgment in an amount less than that sought. Finally, Pegasus asserts CSX could not recover under an account stated theory because the transactions at issue were "covered" by an express contract.

### 1. *Applicable Law*

A plaintiff is entitled to summary judgment on its account stated claim if it proves as a matter of law that (1) transactions between it and the defendant gave rise to the indebtedness, (2) an agreement, express or implied, existed between the parties that fixed the amount due, and (3) the defendant made an express or implied promise to pay the indebtedness. *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 417-18 (Tex. App.—Dallas 2012, no pet.).

### 2. *Application of Law to Facts*

The summary judgment evidence described above reflects CSX and Pegasus continued to do business for another seven-and-a-half years after the "Intermodal Transportation Agreement" expired in 2002. Further, McFadden's deposition testimony reflects the manner in which Pegasus and CSX conducted business. The record shows transactions between CSX and Pegasus gave rise to the indebtedness, an implied agreement between the two parties existed that fixed the amount due, and there was an implied promise by Pegasus to pay the debt. *See id.*

Although Pegasus argues a fact issue exists as to whether the billing statements were delivered to Pegasus, no summary judgment evidence reflects any such dispute. To the contrary, McFadden's deposition testimony shows Pegasus received the freight bills, reviewed them, and "entered the information into . . . [the] historical age-trial balance." Further, although Pegasus

–5–

asserts a fact issue exists as to whether Pegasus agreed to the amount owed, McFadden's affidavit testimony disputed the amount of $31,051, but did not address at all the total of the freight bills listed in the "Trial Balance" of $30,262.05 which McFadden admitted in his deposition testimony was "owed." Pegasus argues a trial court cannot grant judgment in an amount less than the amount sought. However, rule of civil procedure 166a(e) permits a trial court to do precisely that under circumstances stated in the rule which are present in this case. *See* TEX. R. CIV. P. 166a(e); *Pinnacle*, 309 S.W.3d at 104.

Finally, Pegasus maintains CSX cannot recover under an account stated theory because the transactions at issue were "covered" by an express contract. However, we cannot agree. Pegasus itself disputed the existence of an express contract, the record shows the written agreement of the parties expired in 2002, and McFadden's testimony described a standard course of dealing between Pegasus and CSX after the expiration of that written agreement.

On the record before us, we cannot conclude the trial court erred in granting summary judgment on CSX's account stated claim. We resolve Pegasus's second issue against it.

### C. Breach of Contract and Quantum Meruit

Because we have concluded summary judgment on CSX's account stated claim was proper, we do not address Pegasus's contention in its first and third issues that the trial court erred in granting summary judgment on CSX's breach of contract and quantum meruit claims. *See Knott*, 128 S.W.3d at 216.

### D. Attorney's Fees

In its fourth issue, Pegasus asserts the trial court erred in granting summary judgment on CSX's claim for attorney's fees because it filed a controverting affidavit which created a fact issue as to the reasonableness of CSX's fees.

### 1. *Applicable Law*

A prevailing party on an account stated claim may recover attorney's fees. *See Busch v. Hudson & Keyse, LLC.*, 312 S.W.3d 294, 300 (Tex. App.—Houston [14th Dist.], no pet.). A trial court may award attorney's fees as a matter of law where the evidence is clear, direct, positive, uncontradicted, and free from inaccuracies and "circumstances tending to cause suspicion." *See* TEX. R. CIV. P. 166a(c); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam). If an attorney's affidavit regarding fees is properly controverted by an opposing attorney, a fact issue is raised on reasonableness and summary judgment is precluded. *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009, pet. denied). To constitute a proper controverting summary judgment affidavit on the issue of attorney's fees, the affidavit must be made by an attorney and on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence. *Id.*; *Quener Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ).

### 2. *Application of Law to Facts*

We cannot agree with Pegasus that it presented controverting evidence on the issue of fees. The affidavit submitted by Pegasus's attorney recites that the attorney is "familiar with the work that has been done in this case" and that the reasonable and necessary attorney's fees "for handling the Plaintiff's case in this lawsuit based upon the quality of the work done by the Plaintiff's attorney through the summary judgment hearing is a good deal less than $15,957.26." The affidavit, however, does not address what was described by CSX's lawyer as the work that was done, what is customarily charged in similar cases, why the time expended was excessive to accomplish the work provided, or that the work performed was unnecessary. *See Cammack*, 296

–7–

S.W.3d at 895. The affidavit submitted by Pegasus did not sufficiently controvert CSX's attorney's affidavit or raise a fact issue. We resolve Pegasus's fourth issue against it.

### III.    CONCLUSION

We affirm the trial court's judgment.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE

120465F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PEGASUS TRANSPORATION GROUP, INC., Appellant

No. 05-12-00465-CV     V.

CSX TRANSPORTATION, INC., Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-02008.
Opinion delivered by Justice Lang. Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** that appellee CSX Transportation, Inc. recover its costs of this appeal from appellant Pegasus Transportation Group, Inc.

Judgment entered this 14th day of August, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE