**AFFIRM; and Opinion Filed February 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00392-CV

**AMEEN Y. ALQAWARIQ, Appellant**
**V.**
**BANK OF AMERICA, N.A., Appellee**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-01776-2017**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Osborne

Ameen Y. Alqawariq appeals the trial court's summary judgment in favor of the Bank of America, N.A. (the Bank) on its claim for account stated, awarding the Bank $17,445.84. Alqawariq raises two issues on appeal, arguing the trial court erred when it: (1) denied his motion for new trial; and (2) granted the Bank's traditional motion for summary judgment. We conclude the trial court did not err when it granted the Bank's traditional motion for summary judgment and that any error in denying the motion for new trial was harmless. The trial court's summary judgment is affirmed.

### I. PROCEDURAL CONTEXT

On July 25, 2017, the Bank filed its original petition against Alqawariq alleging a claim for account stated. The Bank claimed that Alqawariq applied for and received a credit account from it and used that account for the acquisition of goods, services, balance transfers, and cash

advances, but failed to make periodic payments. The Bank alleged that the current unpaid account balance was $17,445.84. In its petition, the Bank included requests for disclosures and admissions. On September 18, 2017, Alqawariq filed his original answer generally denying the allegations. Alqawariq did not respond to the Bank's request for admissions. As a result, the request for admissions was deemed admitted. *See* TEX. R. CIV. P. 198.2(c).

On December 11, 2017, the Bank filed a traditional motion for summary judgment. It sought summary judgment based on two exhibits attached to the motion and the deemed admissions. Alqawariq did not respond to the motion for summary judgment but appeared through counsel at the summary-judgment hearing. On January 18, 2018, the trial court granted the Bank's traditional motion for summary judgment awarding it the sum of $17,445.84.

On February 14, 2018, Alqawariq filed a motion for new trial. In his motion, he claimed that his failure to respond to the request for admissions was the result of an accident or mistake, he had a meritorious defense to the alleged cause of action, and a new trial would not injure the Bank. On April 4, 2018, the trial court denied Alqawariq's motion for new trial.

## II. SUMMARY JUDGMENT

In issue two, Alqawariq argues the trial court erred when it granted the Bank's traditional motion for summary judgment because: (1) the Bank failed to produce evidence that its request for admissions was served on him and did not attach a transmittal letter or a copy of the admissions to its motion; (2) although the Bank attached exhibits to the motion for summary judgment, it did not rely on those exhibits in its motion; and (3) even if the attached exhibits were relied on by the Bank in support of its motion for summary judgment (a) these exhibits were insufficient to establish the Bank's cause of action as a matter of law and (b) the affidavit testimony created a genuine issue of material fact. The Bank responds that Alqawariq's deemed admissions support

the summary judgment. Further, it contends that its exhibits attached to its summary-judgment motion conclusively established its account-stated claim.

### A. Standard of Review

An appellate court reviews a trial court's order granting a motion for summary judgment de novo. *See, e.g., Starwood Mgmt. L.L.C. v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). An appellate court must indulge every reasonable inference from the evidence in favor of the non-movant and resolve any doubts in the non-movant's favor. *See, e.g., Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When a trial court's order does not specify the grounds for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See id.* at 216.

To prevail on a traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c), the movant must establish there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life*, 128 S.W.3d at 216. The non-movant has no burden to respond to a traditional summary judgment motion, unless the movant conclusively establishes its cause of action or defense. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Accordingly, the non-movant need not respond to the traditional motion for summary judgment to contend on appeal that the movant's summary judgment proof is insufficient, as a matter of law, to support summary judgment. *See, e.g., id.*; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). However, once the movant meets his burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See, e.g., Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

### B. Applicable Law

A plaintiff is entitled to summary judgment on its account-stated claim if it proves as a matter of law that: (1) transactions between it and the defendant gave rise to the indebtedness; (2) an agreement, express or implied, existed between the parties that fixed the amount due; and (3) the defendant made an express or implied promise to pay the indebtedness. *See Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 417–18 (Tex. App.—Dallas 2012, no pet.). Summary judgments are appropriate for account-stated claims brought based on delinquent credit card accounts. *See Evans v. Citibank (S.D.), N.A.*, No. 05-11-01107-CV, 2013 WL 2488789, at *5 (Tex. App.—Dallas June 7, 2013, no pet.) (mem. op.); *Compton*, 364 S.W.3d at 418; *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Summary judgment on an account-stated claim is proper if the evidence shows account statements were sent to the debtor, charges and payments were made on the account, fees and interest were charged on the account, and there is no evidence the debtor ever disputed the fees or charges reflected on the account statements. *See Evans*, 2013 WL 2488789, at *6; *Compton*, 364 S.W.3d at 418; *Dulong*, 261 S.W.3d at 894.

### C. Application of the Law to the Facts

Assuming, without deciding, the Bank failed to produce evidence of the deemed admissions, we review Alqawariq's contention that, although the Bank attached two exhibits to the motion for summary judgment, it did not rely on those exhibits in its motion. In its traditional motion for summary judgment the Bank stated it "move[d] [for] the [trial] [c]ourt to grant summary judgment in this matter and as grounds therefor would show the following." This statement was followed by two sections containing summary-judgment argument. The first section was based on the two exhibits attached to the motion. The second section was based on the deemed admissions.

Accordingly, we conclude the Bank's summary-judgment argument did rely on the two exhibits attached to its motion for summary judgment.

Next, we address Alqawariq's argument that the exhibits attached to the Bank's motion for summary judgment were insufficient to establish the Bank's cause of action as a matter of law. Alqawariq contends that the Bank's exhibits failed to supply any evidence that he sought the credit card or that he was the person using it. Also, he claims "there is no evidence in these exhibits that a credit card issued by [the Bank] to [Alqawariq] caused the indebtedness." Further, Alqawariq asserts the affidavit testimony attached to the Bank's traditional motion for summary judgment created a genuine issue of material fact because "if the account was opened through a 'predecessor in interest,' [] the affidavit provides no evidence [as to how the Bank] has the right to pursue [Alqawariq]." Summary judgment based on the Bank's account-stated claim was proper if the evidence showed the account statements were sent to Alqawariq, charges and payments were made on the account, fees and interest were charged on the account by the Bank, and there is no evidence Alqawariq ever disputed the fees or charges reflected on the statements. *See Evans*, 2013 WL 2488789, at *6; *Compton*, 364 S.W.3d at 418; *Dulong*, 261 S.W.3d at 894.

The first exhibit attached to the Bank's motion for summary judgment consisted of three types of documents: (1) twelve consecutive monthly statements for the period of June 11, 2015, to June 10, 2016, with a final balance of $17,445.84, each listing Alqawariq as the account holder, showing he made charges and payments, and demonstrating the Bank assessed transaction fees and charged interest; (2) Alqawariq's credit card agreement; and (3) an applicant details record containing information about Alqawariq, including his address, social security number, telephone number, birth date, country of citizenship, and employer.[1] The second exhibit contained a business records affidavit attaching the final account statement for the period of May 11, 2016, to June 10,

---

[1] Portions of this information were redacted.

2016, which showed a balance of $17,445.84. In the business records affidavit, the custodian of records stated that:

> [Alqawariq] opened an account with [the Bank], or a predecessor in interest, for the purpose of obtaining an extension of credit [] and did thereafter use or authorize the use of the [a]ccount for the acquisition of goods, services, or cash advances in accordance with the customer agreement [] governing use of the [a]ccount. Further, [Alqawariq] has failed to make periodic payments as required by the [a]greement.

Based on this record, we conclude the Bank established, as a matter of law, that the transactions between it and Alqawariq gave rise to the indebtedness, an agreement existed between the parties that fixed the amount due, and Alqawariq made a promise to pay the indebtedness. *See, e.g., Evans*, 2013 WL 2488789, at *6; *Compton*, 364 S.W.3d at 417–18.

Issue two is decided against Alqawariq. Based on our resolution of issue two, we need not address Alqawariq's first issue on appeal arguing the trial court erred when it denied his motion for new trial because that motion was in substance a motion to undeem the admissions, which the trial court should have granted. Because the summary judgment was proper regardless of the deemed admissions, any error in denying the motion for new trial was harmless. *See* TEX. R. APP. P. 44.1(a)(1).

### III.  CONCLUSION

The trial court did not err when it granted the Bank's traditional motion for summary judgment and any error in denying the motion for new trial was harmless.

The trial court's summary judgment is affirmed.


/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

180392F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMEEN Y. ALQAWARIQ, Appellant

No. 05-18-00392-CV      V.

BANK OF AMERICA, N.A., Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas

Trial Court Cause No. 007-01776-2017.

Opinion delivered by Justice Osborne.

Justices Myers and Molberg participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BANK OF AMERICA, N.A. recover its costs of this appeal from appellant AMEEN Y. ALQAWARIQ.


Judgment entered this 4th day of February 2019.