**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00795-CV**

———————————

**DAVID R. PATRICK, Appellant**

**V.**

**AMERICAN EXPRESS NATIONAL BANK, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCV-283812**

---

**MEMORANDUM OPINION**

This is a suit to recover a credit card debt. American Express National Bank

sued David R. Patrick, individually, and his limited liability company (the "LLC"),[1]

---

[1]    The LLC, E Solutions Tech Svc, also known as eSolutions Technologies & Services, LLC, which Patrick asserts is insolvent and defunct, is not a party to this appeal.

for breach of contract and account stated, alleging they defaulted on a credit card agreement by failing to pay as agreed. American Express moved for summary judgment on its claims, asserting Patrick and the LLC were jointly and severally liable on the debt. The trial court granted summary judgment for American Express.

Patrick now appeals pro se. In his sole issue, Patrick contends that the summary judgment is erroneous because American Express failed to conclusively establish his individual liability on the debt.

We affirm.

## Background

American Express alleged that it entered into a Cardmember Agreement with Patrick and the LLC, provided an American Express credit card, and extended cash advances or payments to third parties on their behalf. It further alleged that, under the terms of the Agreement, Patrick and the LLC agreed to repay the advances, along with interest and finance charges. However, despite demand, they failed or refused to pay as agreed. Patrick answered and asserted that he was not liable for the debt in his individual capacity.

American Express then moved for summary judgment on its claims against both Patrick and the LLC. American Express argued that it was entitled to a summary judgment on its breach-of-contract claim because its evidence conclusively established that it issued a credit card to Patrick and the LLC, and that,

2

by keeping and using the card, Patrick and the LLC agreed to the terms of the Cardmember Agreement. American Express further argued that it conclusively established that it performed its obligations under the Agreement; that Patrick and the LLC breached the Agreement by failing or refusing to pay as agreed; and that such breach proximately caused American Express damages in the amount of $13,005.60.

American Express also maintained that it was entitled to judgment on its claim for account stated[2] because its evidence established: (1) a series of transactions between the parties giving rise to the indebtedness of Patrick and the LLC to American Express; (2) an agreement between the parties fixing an amount due; and (3) implied promises by Patrick and the LLC to pay the indebtedness.

In his summary-judgment response, Patrick asserted that the LLC was registered in Texas in 2011 and that he is its sole member. He contended that, as a member of the LLC, he could not be personally liable for its debt under Texas law. He asserted that, in 2016, American Express invited him to open a corporate account, and he provided the LLC's company agreement and tax identification number. The American Express representative "confirmed that [he] would not be personally

---

[2]    A common-law claim for "account stated" is not a "suit on a sworn account," which is "not available in a suit to recover credit card debt." *Williams v. Unifund CCR Partners*, 264 S.W.3d 231, 235 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

3

responsible for the debt accrued on this account," and he "never agreed verbally or in writing to be personally liable for the debt(s) of [the LLC]."

After conducting a virtual hearing, the trial court rendered summary judgment for American Express in all things, awarding damages, jointly and severally, against Patrick and the LLC in the amount of $13,005.60 and costs of $482.05.[3]

## Summary Judgment

Patrick argues in his sole issue that the trial court erred in granting summary judgment for American Express against him because it failed to conclusively establish the elements of its claims against him in his individual capacity.

---

[3] On September 26, 2022, American Express filed a "Notice of Remote Hearing," setting its summary judgment motion for a virtual hearing on September 30, 2022. On that same day, the trial court inadvertently signed a "Final Summary Judgment" in favor of American Express.

At the September 30 hearing, the trial court acknowledged that it had prematurely granted American Express's motion and withdrew its prior summary judgment. At the conclusion of the hearing, the trial court orally granted summary judgment for American Express. The record before us does not reflect that the trial court's oral pronouncement was ever memorialized in a written judgment. A judgment, however, is "'rendered' when the trial court's decision upon the matter submitted to it for resolution is officially announced either orally in open court *or* by memorandum filed with the clerk." *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 n.5 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (emphasis added). Once a judgment is rendered by oral pronouncement, the entry of a written judgment is purely a ministerial act. *Id.* at 314. Accordingly, the trial court's oral rendition in open court here constitutes the final judgment in this case.

*Standard of Review*

We review a trial court's grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).  In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).  We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705.

If the moving party establishes its entitlement to judgment as a matter of law, the burden then shifts to the non-movant to present countervailing evidence that raises a genuine issue of material fact on the movant's claims. *City of Hous. v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).  Evidence raises a genuine issue of material fact if reasonable people could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, we will affirm the summary judgment if any of the grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

*Breach of Contract*

To be entitled to summary judgment on its breach-of-contract claim against Patrick, American Express must establish, as a matter of law: (1) a valid contract with Patrick, (2) performance by American Express, (3) a breach by Patrick, and (4) damages resulting from the breach. *See Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

To prove the existence of a valid contract, American Express had to establish that (1) it made an offer; (2) Patrick accepted the offer in strict compliance with its terms; (3) a meeting of the minds occurred on the essential terms; (4) each party consented; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding. *See Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 804 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

In a credit-card case, these elements are satisfied when there is an issuance of a credit card by one party and the use of the card by the other party. *Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 338–39 (Tex. App.—Fort Worth 2007, no pet.) (holding that contract was formed even if cardmember never signed card agreement because cardmember obtained and used credit card); *Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (credit card use and payments on account as reflected on statements demonstrated existence of contract).

Further, in construing a written contract, we must ascertain and give effect to the parties' intent as expressed in the writing itself. *Italian Cowboy Partners*, *Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). We must give contract terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). And we must examine and consider the entire writing in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Italian Cowboy Partners*, 341 S.W.3d at 333. If, after applying the pertinent rules of construction, the contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and we will construe the contract as a matter of law. *Id.*

Here, American Express presented the business records affidavit of its custodian, Mario D. Morales-Arias; the Cardmember Agreement; and billing statements.

In his affidavit, Morales-Arias stated:

7. I have personally reviewed American Express' records concerning defendant DAVID R PATRICK aka DAVID PATRICK and E SOLUTIONS TECH SVC ("Defendant"). Those records reflect that Defendant opened an American Express credit card account, the current account number ending in [] (the "Account") in May 2016. . . .

8. American Express' records further reflect that Defendant used the Account to pay for various goods and services and/or obtain cash advances. Consistent with American Express' standard business practices, American Express' records reflect that it transmitted monthly

7

billing statements to Defendant. There is no record of Defendant ever asserting a valid unresolved objection to the balance shown as due and owing on the monthly statements provided to Defendant.

9.	Pursuant to American Express' records, under the terms of the Cardmember Agreement, Defendant defaulted in making the payments due on the Account. American Express' records reflect that American Express closed Defendant's Account.  After giving Defendant credit for all payments made, if any, the amount justly due and owing as of 8/30/2021 is $13,005.60, exclusive of court costs and attorneys' fees. True and correct monthly Account Statements for the defendant's Account for the period of 7/9/2020-7/9/2021 is/are annexed . . . .

The May 14, 2016 Cardmember Agreement reflects that American Express issued a "Business Platinum Card" to "Company Name: E Solutions Tech Svc" and "Cardmember Name: David Patrick."  The Agreement specifies that:

Basic Cardmember means *the person* who applied for this account or to whom we address billing statements.  Company means the business for which the Account is established.  You and your mean the Basic Cardmember and the Company.  *You agree, jointly and severally, to be bound by the terms of this Agreement*.

(Emphasis added.)  And, "[w]hen you . . .  use the Account (or sign or keep a card), you agree to the terms of the Agreement."

The terms of the Agreement include:

- "You may use the card to make purchases. You may also use the card at an ATM to get cash from a checking account you designate."
- "Each Cardmember acknowledges and agrees that cards are intended to be used for the Company's commercial or business purposes."
- "We decide whether to approve a charge based on how you spend and pay on this Account and other accounts you have with us and our Affiliates.  *We also consider your credit history and your* ***personal*** *resources* that we know about."

8

- "You promise to pay all charges . . . ."
- Upon closing the account, the "*Basic Cardmember and Company remain jointly and severally liable for all Charges* made on the Account."

(Emphasis added.) The interest, charges, fees, and method of calculation are also specified. And the Agreement states that it is the "final expression of the agreement governing the Account" and that it "may not be contradicted by any alleged oral agreement."

American Express additionally presented billing statements reflecting transactions on an American Express Business Platinum Card in the name of "E Solutions Tech Svc" and "David R Patrick."

This evidence established a contract between American Express and Patrick. *See Prime Prods., Inc.*, 97 S.W.3d at 636.[4] The affidavit and billing statements show that American Express issued a credit card to Patrick, as "Cardmember," and the Agreement provides that by using, signing, or keeping the card, the Cardmember agrees to the terms of the Agreement. The billing statements reflect acceptance and use—that is, a series of transactions and payments. *See Jones*, 235 S.W.3d at 338;

---

[4]    *See also Duran v. Citibank (S.D.), N.A.*, No. 01-06-00636-CV, 2008 WL 746532, at *5 (Tex. App.—Houston [1st Dist.] Mar. 20, 2008, no pet.) (mem. op.) (evidence of credit card use and payments established as matter of law existence of valid contract in breach-of-contract action); *Hinojosa v. Citibank (S.D.), N.A.*, No. 05-07-00059-CV, 2008 WL 570601, at *3 (Tex. App.—Dallas Mar. 4, 2008, pet. denied) (mem. op.) (holding that acceptance and use of card established existence of contract as matter of law in breach-of-contract action).

*Winchek*, 232 S.W.3d at 204. And the terms of the Agreement further provide that, Patrick, as Cardmember, agreed to be "jointly and severally" bound to its terms and to "pay all charges." *See Italian Cowboy Partners*, 341 S.W.3d at 333.

The evidence also establishes performance by American Express in the form of extending credit to Patrick. *See Prime Prods., Inc.*, 97 S.W.3d at 636.

Further, the evidence establishes that Patrick breached the Agreement by not paying all charges as agreed and establishes damages resulting from the breach. *See id.* The affidavit states: "Pursuant to American Express' records, under the terms of the Cardmember Agreement, Defendant defaulted in making the payments due on the Account." And American Express transmitted monthly billing statements to Patrick, and there is "no record of Defendant ever asserting a valid unresolved objection to the balance shown as due and owing on the monthly statements provided." The statements and affidavit reflect an unpaid balance in the amount of $13,005.60, in the name of not only the LLC, but also "David R Patrick." *See id.*

Patrick argues that American Express failed to meet its initial summary-judgment burden to establish a valid contract with him *individually* and that he breached its terms. According to Patrick, the Agreement governs a business credit card to be used only for business expenses and that he was merely acting as a member of the LLC in obtaining and using credit from American Express. He argues that he is not liable for the debts of the LLC, relying on Section 101.114 of the Texas

Business Organizations Code.  He asserts that the "LLC Operating [A]greement specifies [that he] is not obligated" for the debts of the LLC and that he "never agreed verbally or in writing to be personally liable."

Section 101.114 of the Business Organizations Code states:

> Except as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court.

TEX. BUS. ORGS. CODE § 101.114.  Section 101.113 provides that a "member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company." *Id.* § 101.113.

Generally, the "statutory protections afforded to members and managers of an LLC give way only when a plaintiff can show that the LLC was used for the purpose of perpetrating, and did perpetrate, an actual fraud for the member or the manager's direct personal benefit." *Fin & Feather Club v. Leander*, 415 S.W.3d 548, 556 (Tex. App.—Texarkana 2013, pet. denied) (citing *Shook v. Walden*, 368 S.W.3d 604, 621 (Tex. App.—Austin 2012, pet. denied)).[5]  This protection stems from the premise that a limited liability company is a separate legal entity from its members. *See Julka v. U.S. Bank Nat'l Ass'n.*, 516 S.W.3d 84, 88 (Tex. App.—Houston [1st Dist.] 2017,

---

[5]    *See* TEX. BUS. ORGS. CODE §§ 21.223, 21.224 (limitations on liability for fraud and under alter ego theory).

11

no pet.); *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

But, Texas law does not protect members of a limited liability company from *their own obligations*. *In re White-Robinson*, 777 F.3d 792, 799 (5th Cir. 2015) (distinguishing TEX. BUS. ORGS. CODE § 101.114). Under the Business Organizations Code, a member may have individual liability if he "expressly assumes, guarantees, or agrees to be personally liable to the obligee for the obligation." TEX. BUS. ORGS. CODE § 21.225(1); *see Willis v. Donnelly*, 199 S.W.3d 262, 272 (Tex. 2006); *see also* TEX. BUS. ORGS. CODE § 101.002(a) ("Subject to Section 101.114," Section 21.225 applies to limited liability companies and their members).

"Agency law is based on the same premise—an agent is not personally liable on contracts made for a disclosed principal, in the absence of an express agreement to be bound." *Neel v. Tenet HealthSystem Hosps. Dall., Inc.*, 378 S.W.3d 597, 605 (Tex. App.—Dallas 2012, pet. denied). Thus, an agent is not precluded from binding himself if he has pledged his own responsibility in addition to that of his principal. *Id*.

Texas has a "strong policy favoring the freedom to contract." *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 488 (Tex. 2019). "[P]arties are free to contract around established industry custom and usage." *Id.* And

12

"[p]arties are free, of course, to contract out of statutory default rules." *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 112 (Tex. 2010). "Absent compelling reasons, courts must respect and enforce the terms of a contract the parties have freely and voluntarily entered." *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016).

In *Dominguez v. American Express Bank, FSB*, American Express sued Dominguez *individually*, asserting that he breached two Cardmember Agreements pertaining to credit cards he obtained for two of his businesses—a corporation that he owned and a limited liability company, of which he was the sole member. No. 14-17-00157-CV, 2020 WL 2832075, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2020, pet. denied) (mem. op.). A jury found in favor of American Express, and the trial court rendered a judgment against Dominguez. *Id.*

On appeal, Dominguez argued that the trial court "ignored the separate existence of each entity from him individually" and "improperly" held him liable for the debts of his corporation and limited liability company. *Id.* at *2.

Our sister court held that,

> [u]nder the unambiguous language of each of the Cardmember Agreements admitted into evidence at trial, "You" is defined to mean both Dominguez and his respective company, and in each agreement Dominguez and the company "agree[d], jointly and severally, to be bound by the terms of this Agreement.

13

*Id.* It explained that the record did "not reflect that the trial court held him liable for a corporate entity's debt because Dominguez was the owner or member of that entity." *Id.* Rather, the pleadings, record, and judgment reflected that the trial court held Dominguez liable "*for his own breach of two contracts to which he was a party.*" *Id.* (emphasis added).

Similarly here, the pleadings, record, and judgment reflect that the trial court held Patrick liable for his *own* breach of the contract—the Cardmember Agreement—to which he was a party. Under its unambiguous language, the Agreement states that "You" and "Your" mean the "Basic Cardmember *and* the Company." It defines "Cardmember" as Patrick and provides that the parties agree American Express will, in deciding whether to approve specific charges, consider "personal resources." And it plainly states that "*You* agree, *jointly and severally*, to be bound by the terms of the Agreement," and that, upon closing the account, the "*Basic Cardmember **and** Company remain jointly and severally liable for all Charges* made on the Account."

Thus, we need not determine whether Patrick, as the sole member of the LLC, has shown himself entitled to the general statutory protection he asserts. Similar to *Dominguez*, construing the plain language of the Agreement in this case negates a legal conclusion that Patrick was acting solely as agent of the LLC and that he did not agree to be bound by the terms of the Agreement. *See id.* at *1; *Neel*, 378 S.W.3d

14

at 605 ("The objective intent of the parties, as expressed in the unambiguous language of the lease, was that those persons comprising Live Oak—Neel and Welborne—would be jointly and severally responsible for Live Oak's obligations under the lease.").

American Express therefore established its right to summary judgment on its breach-of-contract claim against Patrick individually. *See Prime Prods., Inc.*, 97 S.W.3d at 636. The burden then shifted to Patrick to present evidence raising a genuine issue of material fact. *See City of Hous.*, 589 S.W.2d at 678.

Patrick presented the LLC's 2011 Certificate of Formation and Certificate of Filing with the Office of the Secretary of State, his formation agreement, and his credit report. Having determined, as discussed above, that Patrick was sued and found liable individually, and not merely as a member of the LLC, this evidence does not raise any genuine issue of material fact precluding summary judgment.

Patrick argues that American Express "violated a mutual verbal agreement established prior to the origination of the credit card account" and that, had he been informed that he would be personally liable, "the LLC would not have opened it."

When we construe a contract to determine the intent of the parties, it is the objective intent that controls. *Neel*, 378 S.W.3d at 605. We do not consider the parties' present interpretations or subjective intent. *Id.* There is a "legal presumption that a party who signs a contract knows its contents." *Cantella & Co. v. Goodwin*,

924 S.W.2d 943, 944 (Tex. 1996). And, a party is bound by the terms of the contract, "regardless of whether he read it or thought it had different terms." *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). Moreover, the Cardmember Agreement expressly states that it is the "final expression of the agreement governing the Account" and that it "may not be contradicted by any alleged oral agreement."

Patrick presented no other evidence to raise a genuine issue of material fact.[6]

Taking as true all evidence favorable to Patrick, as the non-movant, and indulging every reasonable inference and resolving any doubts in his favor, as we must, we conclude that American Express conclusively established its right to summary judgment on its breach-of-contract claim against Patrick individually. We therefore hold that the trial court did not err in granting summary judgment in favor of American Express and against Patrick in his individual capacity.[7]

---

[6] Patrick complains on appeal that he "could not fully present his evidence" during the virtual hearing on the motion for summary judgment because there were technology issues that the "judge should have recognized." He asserts that the trial court should have "rescheduled this hearing to allow it to be heard in person at a later date." We have carefully reviewed each of Patrick's citations to the transcript, all of which merely point to incomplete sentences, apparent breaks in thought, or individuals speaking over one another, as evidenced by dashes or ellipses, without further discussion. He does not direct us to any place in the record in which he requested that the hearing be reset because he was unable to fully present his evidence. *See* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion" and that the trial court ruled on the request).

[7] Having upheld the trial court's summary judgment in favor of American Express on its breach-of-contract claim, we do not reach whether the trial court erred by granting summary judgment on its account-stated claim. *See* TEX. R. APP. P. 47.1;

We overrule Patrick's sole issue.

## Conclusion

We affirm the trial court's summary judgment in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

---

*Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 417 (Tex. App.—Dallas 2012, no pet.).